OPINION
Defendant-appellant Jocelyne Kenyon appeals the Judgment Entry of the Alliance Municipal Court, Small Claims Division, ordering her to refund plaintiff-appellee Rebecca L. Oney $196.91 of her $295 security deposit.
 STATEMENT OF THE FACTS AND CASE
Appellant is the owner of rental property located at 539 ~ South Arch Street, Alliance, Ohio. On January 22, 1997, appellee and appellant entered into a lease agreement whereby appellee would rent the property as a month-to-month tenant. Upon signing the lease agreement, appellee paid appellant a security deposit in the amount of $295.
After providing appellant with proper notice, appellee vacated the apartment on June 2, 1997. On June 30, 1997, appellant forwarded a check in the amount of $58.72 to appellee, which represented the amount of appellee's security deposit remaining after appellant made certain deductions. From the security deposit, appellant deducted: $19.67 for two days rent; $166.61 for expenses incurred in replacing a broken bathroom faucet; $20.00 for expenses incurred in replacing a broken kitchen light fixture; and $30.00 for cleaning the apartment in excess of two hours. Via letter dated July 7, 1997, appellee advised appellant that she disputed the deductions for the plumbing repairs, replacement of the light fixture, and excess cleaning.
Thereafter, appellee filed a small claims action in Alliance Municipal Court seeking the return of the entire amount of her security deposit. On July 29, 1997, the trial court heard evidence on appellee's complaint. Via Judgment Entry dated August 11, 1997, the trial court awarded judgment to appellee in the amount of $196.91. Specifically, the trial court found appellee did not commit waste, misuse, or neglect of the lease premise and; therefore, ordered appellant to refund appellee her deductions of $166.61 (plumbing repairs) and $20.00 (light fixture). Although the trial court found cleaning the apartment in excess of two hours was a reasonable deduction from the security deposit, the trial court found the rate of $15.00 per hour was unreasonable and reduced the amount to $10.00 per hour, resulting in appellant owing appellee an additional $10.00. Appellant was also ordered to pay court costs of $20.00 plus interest at a rate of 10% per annum from the date of judgment.
It is from this Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE THE AMOUNT OF $166.61 REPRESENTING A PLUMBING BILL DEDUCTED FROM PLAINTIFF-APPELLEE'S SECURITY DEPOSIT SINCE THE FAUCETS WERE DAMAGED BY PLAINTIFF-APPELLEE BEYOND NORMAL WEAR AND TEAR.
 II. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE THE AMOUNT OF $20.00 REPRESENTING THE COST OF THE LAMP FIXTURE DEDUCTED FROM PLAINTIFF-APPELLEE'S SECURITY DEPOSIT SINCE PLAINTIFF-APPELLEE DAMAGED THE LAMP FIXTURE.
 III. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE THE AMOUNT OF $10.00 REPRESENTING EXCESS CLEANING CHARGES SINCE DEFENDANT-APPELLANT PRESENTED EVIDENCE THAT THE CONDITION OF THE UNIT WAS DIRTY BEYOND NORMAL WEAR AND TEAR.
 I II
We shall address appellant's first and second assignments of error together. In her first assignment of error, appellant maintains the trial court erred in awarding appellee the amount of $166.61, which represents an expense for plumbing repairs, because appellee damaged the bathroom fixtures beyond normal wear and tear. In her second assignment of error, appellant asserts the trial court erred in awarding appellee the amount of $20.00, which represents the replacement cost of the kitchen light fixture, because appellee damaged said fixture. Essentially, appellant argues the judgment of the trial court was against the manifest weight of the evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
At the hearing on appellee's complaint on July 29, 1997, the trial court provided the parties, both of whom appeared pro se, an opportunity to present their side of the story and a chance to ask questions of the other party. Appellee explained to the court she did not dispute the charge for the two extra days of rent. Regarding the deduction for the plumbing expense, appellee stated she had been out of town for four days, and upon her return, she discovered the water in the bathroom faucet would not shut off. Although she immediately notified appellant about the problem, appellee did not have water for five days. Appellee claimed, when she notified appellant, appellant admitted her knowledge of the problem with the plumbing. Additionally, appellee submitted photographs to the trial court depicting the condition of the apartment when she vacated as well as the light fixture appellant alleged appellee broke.
During her presentation to the court, appellant testified the faucet was exactly eighteen months old when the problem arose, and the repair required installation of a new faucet. Appellant testified, on a Thursday morning, she was informed by another tenant that the tenant's apartment was without hot water, and water was running in appellee's apartment. Appellant scheduled a plumber for the next morning, however, appellee did not answer her door and appellant had to reschedule the appointment for the following Monday. Appellee interjected she had been out of town for the weekend. Although appellant acknowledged Mr. Blue, the tenant prior to appellee, left the apartment in a state of disarray, she stated the damages underlying the deductions from appellee's security deposit were not caused by him. Appellant also detailed the amount of time she spent cleaning the apartment after appellee vacated.
The trial court was free to accept or reject all or any part of the testimony of the parties and access the credibility of each of them. Since the trial court's finding appellee did not commit waste, misuse, or neglect of the premises is supported by some competent, credible evidence, we find the trial court's determination that appellant should not have made the deductions for the plumbing expenses and light fixture is not against the manifest weight of the evidence. Accordingly, the trial court did not err in awarding appellee the amounts deducted from her security deposit.
Appellant's first and second assignments of error are overruled.
 III
In her third assignment of error, appellant argues the trial court erred in awarding appellee the amount of $10.00, which represented charges for cleaning the apartment in excess of two hours. Appellant submits she presented evidence that appellee left the apartment in a dirty condition, which was beyond normal wear and tear.
In its August 11, 1997 Judgment Entry, the trial court found appellant's cleaning of the apartment in excess two hours was a reasonable deduction from the security deposit. However, the trial court determined $10.00 per hour, rather than $15.00 per hour, was a reasonable charge and reduced appellant's deduction accordingly.
A trial court has inherent authority to determine a reasonable amount to be charged for cleaning. The fact appellant determined her time for cleaning was worth $15.00 per hour does not mean the trial court was required to accept such a figure. We find the trial court's setting of a figure of $10.00 per hour for cleaning charges does not constitute error. Accordingly, appellant's third assignment of error is overruled.
The judgment of the Alliance Municipal Court, Stark County, is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, is affirmed. Costs assessed to appellant.